UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYMAN PATTERSON, JR.,

    Petitioner,

v.

    CASE NO. 2:06-CV-15672
    JUDGE GERALD E. ROSEN
    MAGISTRATE JUDGE PAUL J. KOMIVES

GREGG McQUIGGIN,

    Respondent.
    _____/

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should deny petitioner's motion for a certificate of appealability. If the Court accepts this recommendation, the Court should also deny as moot petitioner's motion for leave to appeal *in forma pauperis*.

II.    REPORT:

A.    *Procedural Background*

Petitioner Wayman Patterson, Jr., is a state prisoner currently confined at the Baraga Correctional Facility in Baraga, Michigan. On December 21, 2006, petitioner filed an application for the writ of habeas corpus, challenging his 2001 state court conviction for involuntary manslaughter and assault with a dangerous weapon. On March 24, 2008, I filed a Report recommending that the Court deny the petition. Specifically, I recommended that the Court conclude that each of petitioner's claims was without merit. On July 17, 2008, the Court entered an order accepting my recommendation. On August 11, 2008, petitioner filed a notice of appeal, motion for certificate of appealability, and motion for leave to appeal *in forma pauperis*. Pursuant

1

to 28 U.S.C. § 2253(c), petitioner may appeal only if he is first granted a certificate of appealability. For the reasons that follow, the Court should deny the certificate.

B.  *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)). Accordingly, with respect to each issue, the Court must "either issue a certificate of appealability or state why a certificate should not issue." FED. R. APP. P. 22(b)(1).

C. *Analysis*

1. *Sufficiency of the Evidence Claims*

In his sufficiency of the evidence claims, petitioner first argued that there was insufficient evidence that committed involuntary manslaughter. As explained in my Report, "there is no question that sufficient evidence was presented to the jury from which it could conclude beyond a reasonable doubt that petitioner was grossly negligent in operating his vehicle, and that this gross negligence resulted in the death of Maline," notably the testimony of the witnesses that petitioner drove at an unsafe speed through the gas station, circling three times and striking the victims on two of the passes through the gas station, as well as a video of the incident. R&R, at 15. As I explained, "the only real question at trial was petitioner's state of mind at the time of the offense," and the jury accepted petitioner's defense that he did not intend to kill Maline by acquitting him of second degree murder. Petitioner's two arguments against this conclusion are clearly insufficient, and the Court's rejection of those arguments is not debatable among reasonable jurists. More specifically, petitioner's argument that the evidence supported his defense of accident is without merit as a matter of state law: "As the Michigan courts have explained, because involuntary manslaughter is not an intent crime, accident is not a defense; rather 'accident is subsumed within the charge of involuntary manslaughter because the jury must consider whether the defendant's conduct was negligent, careless, reckless, wilful and wanton, or grossly negligent.'" R&R, at 16 (quoting *People v. Hess*, 214 Mich. App. 33, 39, 543 N.W.2d 332, 335-36 (1995)). Likewise, petitioner's argument that the evidence was contradictory does not make the Court's resolution of this claim debatable among reasonable jurists, as it is well established that it is the job of the jury, not a court on habeas review, to resolve conflicts in the evidence. *See Jackson v. Virginia*, 443 U.S. 307, 326 (1979).

With respect to the assault conviction, the Court's rejection of petitioner's sufficiency claim is not debatable among reasonable jurists. Petitioner's argument that there was no evidence that he intended to hit victims Scott and Yott is irrelevant, as "the jury was certainly free to conclude, based on petitioner's actions in driving at high speed (for the circumstances) toward Scott and Yott, that he intended to place them in reasonable apprehension of an immediate battery," which was sufficient to establish the elements of assault with a dangerous weapon. R&R, at 20. Further, although there was some evidence to support petitioner's defense of others defense, there was also evidence which contradicted that defense, *see* R&R at 21, and it was for the jury to resolve the conflicts in the evidence. Thus, the Court's resolution of this claim is not debatable amount reasonable jurists, and the Court should therefore conclude that petitioner is not entitled to a certificate of appealability on this claim.

2.   *Prosecutorial Misconduct Claims*

In his first prosecutorial misconduct claim, petitioner argued that the prosecutor committed misconduct by introducing evidence of the victim's character for peacefulness. However, the state courts determined that this evidence was admissible as a matter of state law, and it is not debatable that a prosecutor commits no misconduct by admitting evidence which is relevant under state law. *See* R&R, at 23 (citing *Sweet v. Delo*, 125 F.3d 1144, 1154 (8th Cir. 1997); *Hammond v. Michigan Parole Bd.*, No. 04-73385, 2006 WL 2161028, at *16 (E.D. Mich. July 31, 2006) (Roberts, J., adopting Report of Komives, M.J.)).

In his second prosecutorial misconduct claim, petitioner argued that the prosecutor committed misconduct by questioning Detective Pierog during the playing of the video, particularly Detective Pierog's identification of various people on the video. As explained in my Report,

4

however, this testimony was not prejudicial because the jury viewed the tape and saw most of the people on the tape testify at trial. "Thus, the jury was capable of identifying for itself who was doing what on the tape." R&R, at 24.

In his third prosecutorial misconduct claim, petitioner contended that the prosecutor disparaged defense counsel, defense witnesses, and petitioner. For the most part, the comments of which petitioner complained were invited by defense counsel's behavior at trial or proper objections. *See* R&R, at 24-26. The remaining comments were proper comments based on fair inferences from the evidence. *See id.* at 26-27. Accordingly, the Court should conclude that its resolution of these claims is not debatable among reasonable jurists, and thus that petitioner is not entitled to a certificate of appealability on these claims.

3. *Evidentiary Claims*

In his first evidentiary claim, petitioner argued that he was denied a fair trial by the exclusion of a video tape prepared by Detective Pierog. As explained in my Report, however, there was no question that the video shown to the jury best reflected the events in question, and that the Pierog video was incomplete: "Nobody, including defense counsel and petitioner's expert, questioned that the Glaza tape [which was shown to the jury] was superior to the Pierog tape. By all accounts that Glaza tape included camera angle #2, which was not included in the Pierog tape, and was clearer and more easily watched." R&R, at 33. Thus, it is not reasonably debatable that "because there was nothing on the Pierog tape that was not on the tape shown to the jury, and because the witnesses based their conclusions on the Glaza tape, petitioner has failed to show how the exclusion of the tape in any way 'seriously undermined "fundamental elements of the defense" against the crime charged.'" R&R, at 34 (quoting *Miskel v. Karnes*, 397 F.3d 446, 455 (6th Cir. 2005) (quoting

5

*United States v. Scheffer*, 523 U.S. 303, 315 (1998))).

In his second evidentiary claim, petitioner argued that he was denied a fair trial by the exclusion of his investigator, who could have testified as to the people on the tape. However, as explained in my Report "counsel was able to extensively, and at times effectively, cross examine Pierog concerning his identifications of the participants," R&R, at 38, and in particular was able to get Pierog to disavow his earlier identification of petitioner's brother. Further, all of the participants except for Yott testified at trial, and thus the jury was "able to determine for itself who was doing what on the video." *Id.* Petitioner offers nothing to show that this determination is debatable among reasonable jurists.

Finally, petitioner argued that he was denied a fair trial by the trial court's exclusion of evidence that the victim, Maline, had been convicted of various offenses. As explained in my Report, however, it is clear that this evidence was not admissible under Rule 404(b) because it was not offered to show a scheme or plan on the part of Maline, but solely to show Maline's action in conformity with the conduct involved in the underlying convictions, which is expressly prohibited by Rule 404(b). *See* R&R, at 40. Nor was the evidence admissible under Rule 405, because specific instances of conduct such as those evidenced by Maline's convictions are admissible to prove character only if "character or a trait of character of a person is an essential element of a charge, claim, or defense." MICH. R. EVID. 405(b). And both the Michigan and federal courts applying Rule 405(b) have consistently held that the rule "does not permit the introduction of specific acts of the victim to establish the victim's propensity to violence." R&R, at 40 (citing *United States v. Gregg*, 451 F.3d 930, 934-35 (8th Cir. 2006). *United States v. Keiser*, 57 F.3d 847, 853 (9th Cir. 1995); *People v. Harris*, 458 Mich. 310, 315-19, 583 N.W.2d 680, 683-85 (1998); *People v. Boles*, 127

Mich. App. 759, 764-65, 339 N.W.2d 249, 252 (1983), *rev'd on other grounds*, 420 Mich. 851, 358 N.W.2d 894 (1984); *People v. Nichols*, 125 Mich. App. 216, 220-21, 335 N.W.2d 665, 667-68 (1983)). In light of this case law, the Court's resolution of this claim is not debatable amount reasonable jurists. Further, it is not reasonable debatable that the exclusion of this evidence, even if improper, was harmless, in light of the fact that the evidence of provocation by Maline would only have reduced the charge from second degree murder to voluntary manslaughter, and petitioner was acquitted of both of these charges and convicted only of involuntary manslaughter. *See* R&R, at 41. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability on this claim.

    4.  *Judicial Bias Claim*

In arguing his claims relating to the video evidence, petitioner also argued that the trial judge's handling of the video evidence demonstrates that the judge was biased against him. However, it is clear that a claim of judicial bias must be premised on an extrajudicial source, and that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Thus, it is not debatable among reasonable jurists that the judge's rulings on the video evidence do not demonstrate bias.

Nor is it debatable among reasonable jurists that the judge's comments to defense counsel do not demonstrate bias. The comments were directed solely at counsel, and did not disparage either petitioner or his defense. It is well established that, to support relief, "[p]ersonal bias or a prejudicial attitude must be against the party, not against the attorney for the party." *United States v. Burt*, 765 F.2d 1364, 1368 (9th Cir. 1985); *see also*, *United States v. Harmon*, 21 F. Supp. 2d 642, 645 (N.D. Tex. 1998), *aff'd*, 202 F.3d 265 (5th Cir. 1999). Further, it is equally well established that "[a]

7

judge's ordinary efforts at courtroom administration–even a stern and short-tempered judge's ordinary efforts at courtroom administration–remain immune." *Liteky*, 510 U.S. at 556. Thus, the Court's resolution of petitioner's judicial bias argument is not debatable among reasonable jurists, and the Court should therefore conclude that petitioner is not entitled to a certificate of appealability on this claim.

     5.    *Ineffective Assistance of Counsel Claims*

Finally, petitioner contended that appellate counsel was ineffective for failing to raise several of his habeas claims on direct appeal. It is clearly established, however, that to show that he was prejudiced by counsel's failure to raise these claims petitioner must show a reasonable probability that the claims would have succeeded on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). Because petitioner failed to show that any of his claims were meritorious and because the Court's resolution of those underlying claims is not debatable among reasonable jurists, the Court's resolution of his appellate counsel claim likewise is not debatable among reasonable jurists. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability with respect to his ineffective assistance of counsel claims.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not

preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/ PAUL J. KOMIVES  
                                                PAUL J. KOMIVES  
                                                UNITED STATES MAGISTRATE JUDGE

Dated: October 30, 2008

I hereby certify that a copy of the foregoing document was served upon Wayman Patterson, Jr., Reg. No. 390905, Baraga Maximum Correctional Facility, 301 Wadaga Rd., Baraga, MI 49908 and counsel of record on October 30, 2008, by electronic and/or ordinary mail.

                                                S/William F. Lewis  
                                                Case Manager